UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MOHAMMED BAH, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV615-002 |
| UNITED STATES OF AMERICA, | ) ) | (underlying CR613-010) |
| Respondent. | ) ) | |

## ORDER

After a careful, de novo review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 8, to which objections have been filed. Doc. 10. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Bah's relevant objections[1] don't differ in any significant respect from his original 28 U.S.C. § 2255 motion's arguments. Both boil down

---

[1] Bah includes much irrelevant material that strikes at other "issues." *See, e.g.*, doc. 46 at 4 (concluding that "the heart of the matter" is the principle that "loss generally does not include sums that a victim would have paid to the defendant absent the fraud"); *id.* at 5 (discussing "government benefits fraud" loss calculations under the Guidelines); *id.* at 6 ("The sentencing court, then, should have determined whether and to what extent legitimate claims were embedded in the fraud."). None of those "issues," however, has the slightest relevance to Bah's sentencing, the Court's Guidelines calculation, or his counsel's performance. Bah stole credit cards,

to his displeasure with the Court using intended loss instead of actual loss in calculating his Sentencing Guidelines range. *See, e.g.*, doc. 46 at 1-2 ("Here nothing concludes that defendant knew the amount of the credit cards so he could be held for the loss."). As the Magistrate Judge made clear, however, the Guidelines recommend enhancing sentences in fraud cases based on "the greater of actual loss or intended loss". Doc. 9 at 4 (quoting U.S.S.G. § 2B1.1(b)(1) & cmt. 3(A)).

The intended loss -- which in circumstances like those present here may be measured by the total line of credit accessible, *see United States v. Nosrati-Shamloo*, 255 F.3d 1290, 1291 (11th Cir. 2001) -- was greater than the actual loss and accordingly used in calculating Bah's Guidelines range. The Court did not err in doing so and Bah's trial counsel did not provide ineffective assistance by declining to object on that basis. Bah's objection therefore has no merit.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of September, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

not government benefits, and none of his conduct could be construed as "legitimate." His objections on those grounds are baseless and thus **OVERRULED**.